# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| In re: Marcus Dehlin, Stora Enso AB, § | |
| Application Serial No.: 12/520,363 § | Appeal No. 2017-1000 |
| Filed: June 19, 2009 § | |
| For: INSERT AND PACKAGE FORMED OF AN § | |
| INSERT IN A SLEVE § | |

## NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal Circuit was timely filed on September 30, 2016 in the United States Patent and Trademark Office in connection with the above-identified patent application. Pursuant to 35 U.S.C. § 143 and Federal Circuit Rule 17(b)(1), the United States Patent and Trademark Office is today forwarding a certified list of documents comprising the record in the USPTO.

Ms. Monica B. Lateef and Ms. Coke Morgan Stewart are representing the Director in this appeal. Appellant must contact Ms. Lateef or Ms. Stewart at (571) 272-9035 to arrange for designating the record.

Deliver all papers served on the Solicitor in connection with this appeal as follows:

By hand to:    Office of the Solicitor
600 Dulany Street
Madison West - Room 08C43
Alexandria, Virginia

By mail to:    U.S. Patent and Trademark Office
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, VA 22313-1450

Respectfully submitted,

Michelle K. Lee
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Date: November 21, 2016      By:      */s/ Mekbib Solomon*
                                       Mekbib Solomon
                                       Paralegal Specialist
                                       Office of the Solicitor
                                       Mail Stop 8, P.O. Box 1450
                                       Alexandria, Virginia 22313-1450
                                       571-272-9035

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE FORWARDING CERTIFIED LIST** has been served, via electronic mail, on counsel for appellant this 21st day of November, 2016 as follows:

> Paul Juettner
> Patrick J. Smith
> **GREER, BURNS & CRAIN, LTD.**
> 300 South Wacker Drive, Suite 2500
> Chicago, IL 60606
> (312) 987-4008
> (312) 360-0080
> pjuettner@gbc.law
> psmith@gbc.law

By: */s/ Mekbib Solomon*
Mekbib Solomon
Paralegal Specialist
Office of the Solicitor
Mail Stop 8, P.O. Box 1450
Alexandria, Virginia 22313-1450
571-272-9035

Form PTO 55 (12-80)

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

November 21, 2016
(Date)

**THIS IS TO CERTIFY** that the annexed is an accurate list of the content entries in the file of the patent application identified below. Said contents comprise the record before the United States Patent and Trademark Office.

**The Patent Application of:**

**Applicant:** MARCUS DEHLIN

**Serial No.:** 12/520,363

**Filing Date:** June 19, 2009

**Invention:** INSERT AND PACKAGE FORMED OF AN INSERT IN A SLEEVE

By authority of the
**DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**

*/s/ Mekbib Solomon*
*Certifying Officer*



**PROSECUTION HISTORY OF APPLICATION SERIAL NO.: 12/520,363**

| DATE | DESCRIPTION |
|---|---|
| 06/19/2009 | Request for Preliminary Amendment Prior to Examination |
| 06/19/2009 | Amendment to Claims |
| 06/19/2009 | Fee Worksheet |
| 06/19/2009 | Oath or Declaration |
| 10/14/2009 | Information Disclosure Statement |
| 10/14/2009 | EFS Acknowledgment Receipt |
| 12/30/2009 | Claims Worksheet |
| 12/30/2009 | Fee Worksheet |
| 12/31/2009 | Filing Receipt |
| 12/31/2009 | Notice of Acceptance of Application |
| 04/08/2010 | Notice of Publication |
| 08/09/2011 | Non-Final Office Action |
| 08/09/2011 | List of References Cited |
| 08/09/2011 | Search Notes |
| 08/09/2011 | Index of Claims |
| 11/09/2011 | Amendment After Non-Final Office Action |
| 11/23/2011 | Final Office Action |
| 11/23/2011 | Search Notes |
| 11/23/2011 | Index of Claims |
| 02/23/2012 | Pre-Appeal Brief Request for Review |
| 02/23/2012 | Fee Worksheet |
| 02/23/2012 | Notice of Appeal |
| 04/05/2012 | Notice of Panel Decision from Pre-Appeal Brief Review |
| 05/04/2012 | Applicant's Appeal Brief |
| 05/16/2012 | Notice of Non-Compliant Appeal Brief |
| 06/07/2012 | Applicant's Amended Appeal Brief |
| 08/08/2012 | Examiner's Answer to Appeal Brief |
| 08/14/2012 | Item Missing from the Examiner's Answer |
| 08/30/2012 | Office Communication Enclosing Missing Item From Examiner's Answer |
| 10/04/2012 | Applicant's Reply Brief |
| 10/17/2012 | Patent Board's Notice of Docketing |
| 08/02/2016 | Final Written Decision |
| 09/30/2016 | Notice of Appeal Filed |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/520,363 | 06/19/2009 | Marcus Dehlin | 1988.85006 | 8759 |

24978      7590      08/02/2016
GREER, BURNS & CRAIN, LTD
300 S. WACKER DR.
SUITE 2500
CHICAGO, IL 60606

| EXAMINER |
|---|
| ALLEN, JEFFREY R |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3781 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/02/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail@gbclaw.net
docket@gbclaw.net
verify@gbclaw.net

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

*Ex parte* MARCUS DEHLIN

Appeal 2013-000709
Application 12/520,363
Technology Center 3700

Before STEVEN D.A. McCARTHY, BRETT C. MARTIN, and
JENNIFER L. McKEOWN, *Administrative Patent Judges*

PER CURIAM.

DECISION ON APPEAL

## STATEMENT OF THE CASE

Appellant appeals under 35 U.S.C. § 134 from the Examiner's rejection of claims 1, 2, and 5. Claims 3 and 4 are cancelled. We have jurisdiction under 35 U.S.C. § 6(b).

The prior art relied upon by the Examiner in rejecting the claims on appeal is:

| | | |
|---|---|---|
| Karow | US 6,230,893 B1 | May 15, 2001 |
| Heissat | FR 2,649,672 A1 | January 18, 1991 |

The Examiner made the following rejections that are at issue in this appeal:

Claims 1 and 2 stand rejected under 35 U.S.C. § 102(b) as being anticipated by Karow. Final Act. 2.

Claim 5 stands rejected under 35 U.S.C. § 102(b) as anticipated by Karow or, in the alternative, under 35 U.S.C. § 103(a) as obvious over Karow and Heissat. *Id.* at 2–3.

We AFFIRM-IN-PART.

## THE INVENTION

The Appellant's claims are directed generally to "an insert adapted to be slidably inserted in a sleeve." Spec. 1, ll. 2–3. The Appellant describes the claimed subject matter as "especially suitable for, but not limited to, controlled, easy-access packag[ing] for child-resistant, senior-friendly storage of unit dose products or the like, carried by [the] insert." *Id.*, ll. 7–9. Claims 1 and 5, the independent claims on appeal, are reproduced below:

2

Appeal 2013-000709
Application 12/520,363

1. Insert adapted to be slidably received in a sleeve, the insert comprising

a base portion,

a first flap portion adapted to be refolded about a first fold line,

a second flap portion adapted to be refolded about a second fold line,

wherein the second fold line extends essentially in parallel with the first fold line,

wherein the first and second fold lines extend essentially along a single geometrical line,

wherein the base portion comprises two portions refolded against each other about a fold line extending essentially along the direction in which the insert is adapted to be slidable when received in the sleeve, and

wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the folded base portion.

5. Package comprising a sleeve and an insert slidably received in the sleeve,

the insert comprising

a base portion,

a first flap portion adapted to be refolded about a first fold line,

a second flap portion adapted to be refolded about a second fold line,

wherein the second fold line extends essentially in parallel with the first fold line,

wherein the first and second fold lines extend essentially along a single geometrical line,

wherein the base portion comprises two portions refolded against each other about a fold line extending essentially along the direction in which the insert is adapted to be slidable when received in the sleeve, and

wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the base portion,

the sleeve comprising

a plurality of panel portions forming a compartment with at least one opening, the insert being slidable at least partly out of the compartment of the sleeve through said opening,

wherein a first panel forming a first wall of the compartment of the sleeve is provided with a first retaining means adapted to interact with the first flap portion of the insert, and

wherein a second panel forming a second wall, opposite the first wall, of the compartment of the sleeve is provided with a second retaining means adapted to interact with the second flap portion of the insert.

# ANALYSIS

<u>Claims 1 and 2</u>

The Appellant argues the anticipation rejection of claims 1, 2, and 5 as a group. App. Br. 9. Accordingly, the disposition of the rejection of these

Appeal 2013-000709
Application 12/520,363

claims turns on our analysis of the rejection of independent claim 1. "To anticipate a claim, a prior art reference must disclose every limitation of the claimed invention, either explicitly or inherently." *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997). The Appellant asserts that Karow fails to disclose the limitation:

> wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the folded base portion.

App. Br. 9 (emphasis in Appeal Brief).

In the Final Action, the Examiner finds that Figure 6 of Karow shows the insert *100* in an unfolded position with fold lines displayed below first flap portion *106* and second flap portion *108*. Figure 7 shows first flap portion *106* folded over second flap portion *108*. Figure 8 shows first flap portion *106* folded down over portion *102*. Final Act. 4. The Examiner further finds that second flap portion *108* is folded backwards over a second surface as claimed in claim 1, which is why the second flap portion *108* is not visible in Figure 8. *Id.*



FIG. 6                    FIG. 7

Appeal 2013-000709
Application 12/520,363



FIG. 8

The above illustration depicts Figures 6-8 of Karow.

As the Appellant correctly points out on pages 9–12 of the Appeal Brief and pages 2–4 of the Reply Brief, Karow does not describe refolding the panel extension or second flap portion *108* over the exterior surface of the side panel *104*. The exterior surface of side panel *104* is hidden in Figures 7, 8, 10 and 11 of Karow. Furthermore, the Appellant correctly points out that Karow's description is consistent with one or more structures in which the panel extension or second flap portion *108* is not refolded over the exterior surface of the side panel *104*.

The Appellant further asserts that the Examiner is speculating that the second flap portion of Karow is folded backwards over the second panel *104* independently of the first flap portion *106* based on what is not shown in Figures 7 and 8 of Karow. App. Br. 11. The Appellant also asserts that, although the Examiner's speculation on the possible location of second flap portion *108* in Figure 8 of Karow is one possible interpretation, there are other possible interpretations, including that both flap portions *106* and *108* are doubled-up and folded together over the first panel *102*; or that the second flap portion *108* was removed. *Id.* Accordingly, as asserted by the Appellant, we agree that Karow fails to expressly or explicitly describe the quoted limitation.

6

Appeal 2013-000709
Application 12/520,363

The Examiner appears to be selecting from the limited number of possibilities as to the location of the second flap portion in stating that this feature is disclosed by Karow. Indeed, the Examiner appears to concede that Karow fails to clearly disclose this limitation in stating that "[e]ven if 108 was folded over 106 [i]t would have been obvious to one of ordinary skill in the art at the time the invention was made to have folded the portion backwards." Final Act. 4. Because inherency cannot be shown by possibilities, Karow also fails to inherently describe the quoted limitation.

> To establish inherency, the extrinsic evidence must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill. Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient.

*In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (citations and internal quotations omitted). Accordingly, we agree with the Appellant that Karow fails to disclose "the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface" as claimed in claim 1. Because Karow fails to explicitly or inherently describe a limitation recited in both independent claims 1 and 5, Karow does not anticipate any of claims 1, 2 and 5.

As to the obviousness rejection of claim 5, we note that the Appellant does not traverse the Examiner's conclusion that it would have been obvious "to have manufactured the sleeve of Karow with multiple retaining means, as taught by [Heissat], in order to better secure the insert within the sleeve." (Ans. 5, para. 6). Instead, the Appellant argues that the modification

7

proposed by the Examiner would have required "completely redesigning the package." (App. Br. 15; *see also* Reply Br. 4–5). As the Appellant points out, however, the "complete redesign" would have required only the addition of another side flap to the sleeve with which to provide a second release button similar to the release button *30* described by Karow. Although neither Karow nor Heissat explicitly teaches the desirability of adding another side panel for this purpose, it would have been an obvious expedient for one of ordinary skill in the art familiar with the teachings of Karow who sought, in accordance with the Examiner's unchallenged reasoning ,both to use Karow's extension panel *108* as an additional retaining means; and who sought to recreate the release button *30* and the cutaway area *14* to provide retention means for the extension panel *108*.

The Appellant also argues that neither Karow nor Heissat explicitly discloses a second flap "refolded in relation to the base portion such that it extends over a second surface." Although this assertion is correct, the limitation would have flowed naturally if one of ordinary skill in the art had modified the teachings of Karow to use the panel extension *108* as a second flap in order to provide Karow's packaging with multiple retaining means as taught by Heissat in accordance with the Examiner's unchallenged findings and reasoning.

## DECISION

We REVERSE the Examiner's rejections of claims 1, 2 and 5 as anticipated by Karow. We AFFIRM the Examiner's rejection of claim 5 as obvious over Karow and Heissat.

8

Appeal 2013-000709
Application 12/520,363

## AFFIRMED-IN-PART