**2017-1000**

In The
# United States Court Of Appeals For The Federal Circuit

## In re: MARCUS DEHLIN; STORA ENSO AB,
*Appellants.*

APPEAL FROM THE
PATENT AND TRADEMARK OFFICE - PATENT TRIAL AND APPEAL BOARD
IN APPLICATION NO. 12/520,363

## BRIEF OF APPELLANTS

Paul G. Juettner
Patrick J. Smith
GREER BURNS & CRAIN LTD
300 S. Wacker Drive, Suite 2500
Chicago, IL 60606
(312) 360-0080

*Counsel for Appellants*

*Gibson*MOORE APPELLATE SERVICES, LLC
206 East Cary Street ♦ P.O. Box 1460 (23218) ♦ Richmond, VA 23219
804-249-7770 ♦ www.gibsonmoore.net

FORM 9. Certificate of Interest

Form 9
Rev. 03/16

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

In re Dehlin, et al. v. ______

Case No. 17-1000

## CERTIFICATE OF INTEREST

Counsel for the:
☐ (petitioner) ☒ (appellant) ☐ (respondent) ☐ (appellee) ☐ (amicus) ☐ (name of party)

Paul Juettner

certifies the following (use "None" if applicable; use extra sheets if necessary):

| 1. Full Name of Party Represented by me | 2. Name of Real Party in interest (Please only include any real party in interest NOT identified in Question 3) represented by me is: | 3. Parent corporations and publicly held companies that own 10 % or more of stock in the party |
|---|---|---|
| Marcus Dehlin | Stora Enso AB (Stockholm, SE) | Stora Enso Oyj (Helsinki, FI) |
| Stora Enso AB (Stockholm, SE) | | Stora Enso Oyj (Helsinki, FI) |
| | | |
| | | |
| | | |
| | | |
| | | |

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court (**and who have not or will not enter an appearance in this case**) are:

Patrick J. Smith, Greer, Burns, & Crain, Ltd.

10/17/2016
Date

s/Paul G. Juettner
Signature of counsel

Please Note: All questions must be answered

Paul G. Juettner
Printed name of counsel

cc: ______

Reset Fields

# TABLE OF CONTENTS

Page:

CERTIFICATE OF INTEREST .......... i

TABLE OF CONTENTS .......... ii

TABLE OF AUTHORITIES .......... iv

STATEMENT OF RELATED CASES .......... v

I. STATEMENT OF JURISDICTION .......... 1

II. STATEMENT OF THE ISSUES .......... 2

III. STATEMENT OF THE CASE .......... 3

STATEMENT OF FACTS .......... 3

Appellants' Invention .......... 3

Appellants' Claim 5 .......... 6

Final Office Action .......... 8

Appeal to the Patent Trial and Appeal Board .......... 11

Patent Trial and Appeal Board Decision .......... 12

IV. SUMMARY OF ARGUMENT .......... 14

V. ARGUMENT .......... 15

A. Standard of Review .......... 15

B. The Board Erred in Finding Claim 5 Obvious After Having Determined that the Second Backward Flap Feature is Missing from the Cited References .......... 15

1. It is Uncontested that the Neither Reference Expressly or Inherently Discloses the Second Backward Flap Feature, and that Should Have Concluded the Obviousness Analysis ........ 16

2. The Board's Reasoning that the Missing Second Backward Flap Feature Would Have "Followed Naturally" From the Combination is a Logically Flawed Attempt at Finding the Missing Feature by Inherency ........ 17

C. The Board Erred in Finding Claim 5 Obvious Over *Karow* in view of *Heissat*, Where the Asserted Modifications of *Karow* Constitute Impermissible Hindsight Reconstruction ........ 20

VI. CONCLUSION AND RELIEF SOUGHT ........ 27

ADDENDUM

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Page(s):

Cases:

*Application of Glass*,
472 F.2d 1388 (CCPA 1973) ........................................................ 15, 17

*Belden Inc. v. Berk -Tek LLC*,
805 F.3d 1064 (Fed. Cir. 2015) ........................................................ 15

*CFMT, Inc. v. Yieldup Int'l Corp.*,
349 F.3d 1333 (Fed. Cir. 2003) ........................................................ 15

*DyStar Textilfarben GmbH & Co. v. C. H. Patrick Co.*,
464 F.3d 1356 (Fed. Cir. 2006) ........................................................ 25

*In re Gulack*,
703 F.2d 1381 (Fed. Cir. 1983) ........................................................ 15

*In re Robertson*,
169 F.3d 743 (Fed. Cir. 1999) ........................................................ 18

*In re Van Os*,
No. 2015-1975 (Fed. Cir. Jan. 3, 2017) ........................................................ 25, 26

*KSR Int'l Co. v. Teleflex Inc.*,
550 U.S. 398 (2007) ........................................................ 25

Statutes:

28 U.S.C. § 1295(a)(4)(1) ........................................................ 1

35 U.S.C. § 6(b)(1) ........................................................ 1

35 U.S.C. § 102 ........................................................ 2, 19

35 U.S.C. § 103 ........................................................ 2, 13, 19

35 U.S.C. § 103(a) ........................................................ 2

## STATEMENT OF RELATED CASES

In compliance with FCR 28(a)(4) and 47.5, Appellants Marcus Dehlin and Stora Enso AB hereby state that there are no other cases pending to their knowledge related to the subject appeal.

# I. STATEMENT OF JURISDICTION

The Patent Trial and Appeals Board had jurisdiction over the review of the Examiner's adverse decision (Appx226-232) under 35 U.S.C. § 6(b)(1). The Patent Trial and Appeals Board entered a decision (Appx2-10) on August 2, 2016. No subsequent action in connection with that decision was requested or undertaken. Accordingly, the decision became Final. This Court, therefore, has jurisdiction of this appeal under 28 U.S.C. § 1295(a)(4)(1). Appellants Marcus Dehlin and Stora Enso AB timely filed a notice of appeal (Appx346-360) to this Court on September 30, 2016.

## II. STATEMENT OF THE ISSUES

The only claim involved in this appeal is independent claim 5. The other pending claims in the present application are not currently rejected.

More specifically, in its decision on appeal the Patent Trial and Appeals Board (the "Board") reversed the rejections of claims 1, 2, and 5 under 35 U.S.C. § 102 of the present application (Appx33-53) based upon U.S. Pat. No. 6,230,893, issued to Karow (Appx378-392) (hereinafter "*Karow*"). (Appx8).

The Board however sustained the rejection of claim 5 of the present application under 35 U.S.C. § 103 as being obvious over *Karow* in view of French Patent No. 2,619,672 (Appx111-121, translation at Appx321-326) (hereinafter "*Heissat*"). (Appx8).

The issues in the case before this Court are, whether, after determining that a claim feature was completely absent in the cited references, the Board erred in finding claim 5 unpatentable under 35 U.S.C. § 103(a); and, whether the Board's reasoning underlying the finding of unpatentability under 35 U.S.C. § 103(a) was supported by the cited references or the product of hindsight.

III. STATEMENT OF THE CASE

This is an appeal from a decision of the Board affirming the Examiner's rejection of claim 5 of U.S. Patent Application No. 12/520,363. The Board's decision has been published.

STATEMENT OF FACTS

Appellants' Invention

Appellants' claim 5 (Appx303-304) is directed to a package that comprises an insert 10 that is slidably received in a sleeve 20. (Appx38, Appx52-53). As shown in Figure 1 of the present application (reproduced below), the insert 10 comprises two base portions 11a, 11b, foldable towards each other along fold line 12, and two flap portions 14a, 14b adapted to be refolded about fold lines 15a, 15b, respectively. (Appx44-45).




Fig 1

(Appx51).

The first flap portion 14a is folded in relation to the folded base portion such that it extends backwardly over a first surface 11a of the base portion. (Appx45). The second flap portion 14b is folded in relation to the base portion such that it extends backwardly over a second surface 11b, opposite the first surface 11a of the base portion. (*Id.*) This is shown in Figure 2 of the present application (annotated below).




Fig 2

(Appx51).

The sleeve 20 comprises a plurality of panel portions 20a-d forming a compartment as shown in Figure 3, below. (Appx45-46).




Fig 3

(Appx52).

The insert 10 is slidable in the sleeve 20 as shown in Figure 4, below. (Appx46).




Fig 4

(Appx52-53).

A first panel 20a forms a first wall of the sleeve and is provided with a first retaining means 21a adapted to interact with the second flap portion 14b of the insert 10. (Appx46). A second panel 20b forms a second wall of the sleeve, opposite the first wall, and is provided with a second retaining means 24 (Figure 3) adapted to interact with the first flap portion 14a of the insert 10. (Appx46). The specification discloses that the retaining means 21a, 24 may comprise a flap or an opening which interact with the flaps 14a, 14b of the insert 10 to retain the insert 10 at least partially within the sleeve 20. (Appx46, lns7-19).

<u>Appellants' Claim 5</u>

Claim 5 calls for two backwardly folded flap portions of the insert that are adapted to interact with two retaining means of the sleeve, respectively. Claim 5 is reproduced below:

5. Package comprising a sleeve and an insert slidably received in the sleeve,

the insert comprising

a base portion,

a first flap portion adapted to be refolded about a first fold line,

a second flap portion adapted to be refolded about a second fold line,

wherein the second fold line extends essentially in parallel with the first fold line,

wherein the first and second fold lines extend essentially along a single geometrical line,

wherein the base portion comprises two portions refolded against each other about a fold line extending essentially along the direction in which the insert is adapted to be slidable when received in the sleeve, and

wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the base portion,

the sleeve comprising

a plurality of panel portions forming a compartment with at least one opening, the insert being slidable at least partly out of the compartment of the sleeve through said opening,

wherein a first panel forming a first wall of the compartment of the sleeve is provided with a first retaining means adapted to interact with the first flap portion of the insert, and

wherein a second panel forming a second wall, opposite the first wall, of the compartment of the sleeve is provided with a second retaining means adapted to interact with the second flap portion of the insert.

(Appx303-304) emphasis added.

As discussed in the background of the present application, one problem associated with prior art designs which utilize a folded tab, is that the folded tab loses

a portion of its "spring-back" properties. (Appx36, lns17-23; Appx37, lns32-6). Accordingly, the present invention improves upon these designs by providing an insert that has two flaps folded on opposite sides of the insert and each engaging a retaining means in the sleeve.

<u>Final Office Action</u>

In a Final Office Action (Appx226-232), claim 5 was rejected as being anticipated by *Karow*, or in the alternative as being obvious over *Karow* in view *Heissat*. (Appx228).

*Karow* discloses, *inter alia*, a package with a sleeve 2 and an insert 100. (Appx378, Abstract). Figure 1 of *Karow* shows the sleeve 2 in an unfolded configuration and Figures 6-8 of *Karow* show the insert 100 in unfolded and folded configurations, which are reproduced below.




FIG. 1



FIG. 6



FIG. 7



FIG. 8

(Appx379, Appx384-386).

In rejecting claim 5, the Examiner opined that *Karow* discloses that the first flap 106 is folded against a first surface of the insert 100 and, although not shown, the second flap 108 is folded against a second surface of the insert 100. (Appx228-9 ¶¶ 3-5). Additionally, according to the Examiner, the sleeve 2 disclosed in *Karow* includes a first retaining means (citing col. 3 lines 24-25 of *Karow*) adapted to interact with a first flap 106 of the insert 100 and a second retaining means adapted to interact with the second flap 108. (Appx229 ¶ 5).

In the alternative rejection under Section 103, the Examiner cited *Heissat* for teaching a sleeve 2 for an insert 1 with retaining means 2f on opposite walls of the sleeve 2 adapted to interact with flap portions 1g on the insert 1. (Appx229 ¶ 9). Figures 2 and 3 of *Heissat* are reproduced below.




(Appx120).

It was the Examiner's opinion that it would have been obvious to provide the sleeve of *Karow* with multiple retaining means as taught by *Heissat*, in order to better secure the insert within the sleeve and because doing so was mere duplication of the working parts. (Appx229 ¶ 7).

Appeal to the Patent Trial and Appeal Board

The rejection of all pending claims was appealed to the Board. (Appx283-306). With respect to claim 5, both the anticipation and the obviousness rejections were traversed. (Appx284).

The anticipation rejection of claims 1, 2, and 5, was traversed on the basis that *Karow* does not expressly or inherently disclose an insert wherein a "second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface" (hereinafter the "Second Backward Flap"). (Appx294). Appellant argued that although the Examiner's speculation on the possible location of extension 108 in Fig. 8 was one possible interpretation, there were other reasonable interpretations of *Karow*. Specifically, it was possible, indeed likely that both extensions 106 and 108 were doubled-up and folded together onto the face of the first panel 102. Another possible interpretation of *Karow* was that between the steps shown in Figs. 7 and 8, extension 108 was removed. (Appx296).

The obviousness rejection of claim 5 was traversed on the basis that *Heissat* does not disclose an insert with the Second Backward Flap. (Appx298). In other words, even if the cited references were combined, the resulting combination would not include all of the features of claim 5. Independently, the rejection was traversed on the ground that it would not be obvious to modify *Karow* in view *Heissat* as asserted because the modification required to arrive at Appellants' claimed invention would require a complete re-design of the package of *Karow* and there was no support in the art for such comprehensive modifications. (Appx298-300).

In the Examiner's Answer (Appx311-318), the Examiner maintained the previous positions. (Appx315-316).

<u>Patent Trial and Appeal Board Decision</u>

The Board reversed the rejection of claims 1, 2, and 5 as being anticipated by *Karow*. (Appx8). The Board agreed with Appellants, and found that *Karow* does not expressly or inherently disclose an insert with a Second Backward Flap, stating:

> Accordingly, we agree with the Appellant that Karow fails to disclose 'the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface' as claimed in claim 1. Because Karow fails to explicitly or inherently describe a limitation recited in both independent claims 1 and 5, Karow does not anticipate any of claims 1, 2 and 5.

(Appx8).

With respect to the obviousness rejection of claim 5, although the Board agreed with Appellants that neither *Karow* nor *Heissat* disclose an insert with the

Second Backward Flap, it nevertheless sustained the Examiner's rejection of claim 5 under 35 U.S.C. § 103. (Appx8-9).

Appellants timely filed the present appeal to this Court.

## IV. SUMMARY OF ARGUMENT

The Board committed at least two errors when affirming the obviousness rejection of claim 5. First, the Board erred when finding claim 5 obvious when it is undisputed that the cited art fails to disclose the Second Backward Flap as required by claim 5. Second, the Board erred in finding claim 5 obvious on the basis of an impermissible hindsight reconstruction especially in view of the Board's conclusion that the cited art does not teach the desirability of adding another panel.

## V. ARGUMENT

### A. Standard of Review

This Court reviews the Board's factual determinations for substantial evidence and reviews the Board's legal determinations *de novo*. *Belden Inc. v. Berk -Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015). Obviousness is a question of law based on subsidiary findings of fact. *Id.* Whether a person of ordinary skill in the art would have been motivated to modify or combine prior art is a question of fact. *Id.*

### B. The Board Erred in Finding Claim 5 Obvious After Having Determined that the Second Backward Flap Feature is Missing from the Cited References

To establish a *prima face* case of obviousness, all claim limitations must be taught or suggested by prior art. *CFMT, Inc. v. Yieldup Int'l Corp.*, 349 F.3d 1333, 1342 (Fed. Cir. 2003) citing to *In re Gulack*, 703 F.2d 1381, 1385 n9 (Fed. Cir. 1983). If even a single claim limitation is not taught or suggested by the prior art, then that claim cannot be obvious in view of the prior art. *Application of Glass*, 472 F.2d 1388, 1392 (CCPA 1973) ("It is error to ignore specific limitations distinguishing over the references.").

Accordingly, any obviousness rejection requires, *inter alia*, a demonstration that all of the features of the claimed invention are disclosed by the prior art. If one of the features is not disclosed "then that claim cannot be obvious in view of the prior art." *Application of Glass*, 472 F.2d at 1392.

The rejection of claim 5 is premised on the combination of two references, *Karow* and *Heissat*, neither of which disclose the Second Backward Flap feature of claim 5. Under this Court's and its predecessor court's long standing precedent, it is improper to ignore this claim feature, and reversible error to find the claim obvious when less than the invention as a whole has been shown.

1. It is Uncontested that the Neither Reference Expressly or Inherently Discloses the Second Backward Flap Feature, and that Should Have Concluded the Obviousness Analysis

In reversing the Examiner's rejection of claim 5 as being anticipated by *Karow*, the Board stated

> Accordingly, ***we agree*** with the Appellant that ***Karow fails to disclose*** 'the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface' ….

(Appx8) (emphasis added).

Thus, it is undisputed that the Second Backward Flap required by claim 5 is not disclosed, either expressly or inherently, by *Karow*.

It is also undisputed that the Second Backward Flap feature is not disclosed in *Heissat*. In responding to arguments traversing the obviousness rejection, the Board stated:

> Appellant also argues the ***neither Karow nor Heissat explicitly discloses*** a second flap 'refolded in relation to the base portion such that it extends over a second surface.' Although ***this assertion is correct***….

(Appx9) (emphasis added). Accordingly, it is undisputed that the Second Backward Flap required by claim 5 is likewise not disclosed by *Heissat*.

Under this Court's and its predecessor's precedent, this should have ended the inquiry. Because a *prima face* case of obviousness was absent, the Board should have reversed the rejection. *Application of Glass*, 472 F.2d at 1392.

2. The Board's Reasoning that the Missing Second Backward Flap Feature Would Have "Followed Naturally" From the Combination is a Logically Flawed Attempt at Finding the Missing Feature by Inherency

Although the Board conceded that the Second Backward Flap required by claim 5 was missing from both *Karow* and *Heissat,* it nevertheless reasoned that the missing limitation would have "flowed naturally" from the asserted modification of *Karow*.[1] (Appx9). The Board's reasoning is backwards.

The *Heissat* reference is cited merely for the proposition that a package can be provided with two retaining means. There is no teaching in either *Heissat* or *Karow* from which one skilled in the art would repurpose *Karow* extension 108 to interact with a second retaining means. The Board's position is nothing more than a repackaged "inherency" argument and is logically flawed.

[1] The argument that the missing limitation would have "flowed naturally" from the asserted modification of *Karow* was not raised by the Examiner or in briefing before the Board. It appears for the first time in the Board's Decision.

In rejecting the claims as being anticipated by *Karow*, it was the Examiner position that *Karow's* extension 108 was folded backwardly over second surface 104, thereby meeting the limitations of the Second Backward Flap. (Appx228, paragraph 3; Appx229-230, paragraph 9). On appeal, Appellant argued that the Examiner was speculating on the possible location of *Karow's* extension 108, and that there were other reasonable interpretations of *Karow*. Specifically, it was possible, indeed likely, that both of *Karow's* extensions 106 and 108 were doubled-up and folded together onto the face of the first panel 102. (Appx296). Another possible interpretation of *Karow* was that between the steps shown in Figs. 7 and 8, extension 108 was removed. (Appx296). The Board agreed with Appellant when it found:

> The Examiner appears to be selecting from the limited number of possibilities as to the location of the second flap portion in stating that this feature is disclosed by Karow…. Because ***inherency cannot be shown by possibilities***, Karow also fails to inherently describe the quoted limitation.

(Appx8) citing to *In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (emphasis added).

However, the Board then fell into the same trap a page later, when it said that the missing Second Backward Flap limitation would have "flowed naturally if one of ordinary skill in the art had modified the teachings of Karow to use the panel extension 108 as a second flap …." (Appx9). In this instance, the Board's position is based upon a ***possibility*** that the panel extension 108 would be refolded backwards

over the second surface (not disclosed) and used to interact with a second retaining means (modification argued by the Examiner). If the Second Backward Flap limitation was not inherent for the purposes of Section 102 it cannot be inherent under Section 103.

In addition, the Board's reasoning is backward in that the feature that was found not to be inherent, appears "naturally" only after *Karow* has been modified in a particular manner, i.e., providing a second retaining means on the back of the sleeve of *Karow* in a position to receive panel extension 108. The correct reasoning is that the missing feature dictates that the asserted particular modification is untenable, not the other way around. Appellant submits and logic dictates that if panel extension 108 has not necessarily been folded backwardly over the second surface (as found), then there is no reason to add a second retaining means in a location to interact with a panel extension that is not there. Accordingly, the Board's "flows naturally" theory is backwards and logically flawed.

In sum, it is undisputed that the Second Backward Flap feature is not disclosed in either of the cited references. Relying on the mere possibility of refolding extension 108 of *Karow* backwardly over the second surface is not enough for the Board to sustain an obviousness rejection when this feature of claim 5 is admittedly absent from both cited references. Reversal of the rejection is respectfully requested.

### C. The Board Erred in Finding Claim 5 Obvious Over *Karow* in view of *Heissat*, Where the Asserted Modifications of *Karow* Constitute Impermissible Hindsight Reconstruction

The rejection of claim 5 asserted by the Examiner and sustained by the Board requires modifications which are admittedly not supported by in the art. The Board's reasoning to support the obviousness rejection is legally insufficient and not factually supported. Accordingly, reversal of the rejection is warranted.

The *Heissat* reference was cited by the Examiner and relied upon below for the sole purpose of teaching that it would have been obvious to have manufactured a sleeve with multiple retaining means to better secure the insert within the sleeve. (Appx8). Appellants do not dispute that *Heissat* discloses using multiple retaining means on a package sleeve.[2] What was disputed before the Board, and is disputed before this Court, is the unfounded leap from the unremarkable teaching of *Heissat* to the wholesale re-design proffered by the Examiner and the Board that is possible only by using Appellants' disclosure.

In responding to the argument that one of ordinary skill in the art would not combine the references as suggested, the Board stated that the modification would have "only" required "the addition of another side flap to the sleeve with which to

[2] The Board incorrectly asserted that Appellants did not traverse the Examiner's combination of *Karow* with *Heissat*. However, the combination has been continually traversed by Appellants. (Appx298-300). What Appellants conceded was only the general teaching that it is known to manufacture a sleeve with multiple retaining means.

provide a second release button similar to the release button 30 described by Karow." (Appx9). This statement is inconsistent with the facts as expressly acknowledged by the Board.

Multiple modifications of *Karow* are required to arrive at the invention of claim 5. Indeed, the Board expressly acknowledged that a second retaining means would require, both use of the extension panel 108 from *Karow* and recreation of the release button 30 and cutaway area 14 to provide retention for extension panel 108. (Appx9). Although the Board attempts to trivialize the asserted modifications of *Karow* necessary to meet the language of claim 5, the rejection requires wholesale re-design and reconstruction of the *Karow* package that goes beyond what is reasonably taught by *Heissat*.

As can be seen in Fig. 1 of *Karow* (reproduced below), a cutaway 14, node 16 and legs 17 are disposed in a first panel 10. Second panel 18 is blank, and a button 30 is disposed in third panel 26.




FIG. 1

(Appx379).

As can be seen in Fig. 5 of *Karow* (reproduced below), when the panels are folded over, the first and third panels 10, 26 with the locking mechanism elements form one side (i.e., the top) of the sleeve 50, while the intermediate second panel 18 forms the other side (i.e., the bottom) of the sleeve 50.




FIG. 5

(Appx383). Thus, the "locking means" of *Karow* comprises elements on two different panels 10, 26 that overlap each other.

To modify *Karow* to add a second locking means, as asserted by the Examiner and Board, at least three modifications are required to arrive at the invention of claim 5, namely, (a) replicating cut away 14, node 16 and legs 17 on second panel 18, (b) adding a fourth side panel to overlap second side panel 18 when folded, and replicating release button 30 in the fourth side panel, and (c) relocating and repurposing missing extension panel 108 to function as the second backwards flap

on the insert. Such modifications are not remotely disclosed or suggested by the generic and unremarkable teaching of *Heissat* to include multiple retaining/locking means.[3]

Neither the Board nor the Examiner have demonstrated or explained how *Heissat* teaches the asserted modifications to the package of *Karow*. Indeed, the Board expressly recognized that "neither Karow nor Heissat explicitly teaches the desirability of adding another side panel for this purpose." (Appx9). The Board, nevertheless glosses over this glaring omission, stating:

> Although neither Karow nor Heissat explicitly teaches the desirability of adding another side panel for this purpose, it would have been an ***obvious expedient*** for one of ordinary skill in the art familiar with the teachings of Karow who sought, in accordance with the Examiner's unchallenged reasoning, both to use Karow's extension panel 108 as an additional retaining means; and who sought to recreate the release button *30* and the cutaway area *14* to provide retention means for the extension panel 108.

(Appx9) (emphasis added).[4] The Board's relies on a "naturally flows" inherency argument to repurpose missing extension panel 108 and expressly concedes that the

---

[3] The retaining means of *Heissat* are located on edge panels in both the sleeve and the insert. (Appx120). The insert of *Karow* does not include edge panels. (Appx384). Neither the Board nor the Examiner suggest that it would have been obvious to add *Heissat's* edge panel retaining means to *Karow* undoubtedly because to do so would require further non-obvious modifications to *Karow's* insert.

[4] The statement is also factually inaccurate since Appellants have continually traversed that one of ordinary skill in the art would have used the second extension panel 108 in association with an additional locking means. (Appx298-300).

neither *Karow* nor *Heissat* teach the desirability of adding a fourth side panel to provide a second release button. This single conclusory sentence is the entire explanation offered by the Board for modifying *Karow* in view of *Heissat* to make the three modifications identified above.

Conclusory statements, such as the above quoted "obvious expedient" statement, do not meet the requirements for articulating clear reasons to support an obviousness rejection as required by the Supreme Court in *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398 (2007). The Board's statement provides no explanation as to ***why*** one of ordinary skill in the art would make the asserted modification and add the fourth panel and thus is legally insufficient. *DyStar Textilfarben GmbH & Co. v. C. H. Patrick Co.*, 464 F.3d 1356, 1366–67 (Fed. Cir. 2006).

Recent decisions of this Court have overturned similar decisions of the Board concluding that asserted that modifications were "common sense" or "intuitive." *See*, *In re Van Os*, No. 2015-1975 (Fed. Cir. Jan. 3, 2017). This Court stated that

> a finding that a combination of prior art would have been "common sense" or "intuitive" is no different than merely stating the combination "would have been obvious." Such a conclusory assertion with no explanation is inadequate to support a finding that there would have been a motivation to combine. This type of finding, without more, tracks the *ex post* reasoning *KSR* warned of and fails to identify any actual *reason* why a skilled artisan would have combined the elements in the manner claimed.

*In re Van Os* at page 5 (italics in original). In the present case, the Board's "obvious expedient" conclusory statement, like the "common sense" conclusory statement in *In re Van Os*, is insufficient to support an obviousness rejection.

Furthermore, the proposed combination proffered by the Board would frustrate the purpose of *Karow*. Specifically, *Karow* is focused on providing a package that is "senior-friendly." (Appx393, col 2 lns18-21; col 1 lines13-6). Adding a second locking mechanism undoubtedly would make the package more difficult to unlock. In view of the expressed desire of *Karow* to provide a locking package that is senior-friendly, a package that is more difficult to unlock would frustrate the stated purpose of *Karow*.

In sum, even if the prior art were combined, the combination would require modifications that are admittedly not taught by the cited art. Rather than provide a clear and logical reason for making these modifications, the Board offers only a conclusory "obvious expedient" statement. The rejection ignores the requirements of this Court, and improperly focuses on hindsight reconstruction of the claimed subject matter of the invention. Reversal of the rejection is respectfully requested.

## VI. CONCLUSION AND RELIEF SOUGHT

The rejection of claim 5 as being obvious is contrary to long-established precedent, and factually unsupported. The Board's affirmance of the rejection should be reversed and the claim allowed.

Respectfully submitted,

/s/ Patrick J. Smith
Paul G. Juettner
Patrick J. Smith
GREER BURNS & CRAIN LTD
300 S. Wacker Drive, Suite 2500
Chicago, IL 60606
Telephone: (312) 360-0080
Email: pjuentter@gbc.law
psmith@gbc.law

*Counsel for Appellants*

# ADDENDUM

# ADDENDUM
# TABLE OF CONTENTS

Page:

*Ex parte* Marcus Dehlin, U.S. Patent Trial and Appeal Board Appeal No. 2013-000709, Decision dated August 2, 2016 .......... Appx1

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/520,363 | 06/19/2009 | Marcus Dehlin | 1988.85006 | 8759 |

24978 7590 08/02/2016
GREER, BURNS & CRAIN, LTD
300 S. WACKER DR.
SUITE 2500
CHICAGO, IL 60606

| EXAMINER | |
|---|---|
| ALLEN, JEFFREY R | |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3781 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 08/02/2016 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ptomail@gbclaw.net
docket@gbclaw.net
verify@gbclaw.net

PTOL-90A (Rev. 04/07)

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

*Ex parte* MARCUS DEHLIN

---

Appeal 2013-000709
Application 12/520,363
Technology Center 3700

---

Before STEVEN D.A. McCARTHY, BRETT C. MARTIN, and JENNIFER L. McKEOWN, *Administrative Patent Judges*

PER CURIAM.

DECISION ON APPEAL

## STATEMENT OF THE CASE

Appellant appeals under 35 U.S.C. § 134 from the Examiner's rejection of claims 1, 2, and 5. Claims 3 and 4 are cancelled. We have jurisdiction under 35 U.S.C. § 6(b).

The prior art relied upon by the Examiner in rejecting the claims on appeal is:

| | | |
|---|---|---|
| Karow | US 6,230,893 B1 | May 15, 2001 |
| Heissat | FR 2,649,672 A1 | January 18, 1991 |

The Examiner made the following rejections that are at issue in this appeal:

Claims 1 and 2 stand rejected under 35 U.S.C. § 102(b) as being anticipated by Karow. Final Act. 2.

Claim 5 stands rejected under 35 U.S.C. § 102(b) as anticipated by Karow or, in the alternative, under 35 U.S.C. § 103(a) as obvious over Karow and Heissat. *Id.* at 2–3.

We AFFIRM-IN-PART.

## THE INVENTION

The Appellant's claims are directed generally to "an insert adapted to be slidably inserted in a sleeve." Spec. 1, ll. 2–3. The Appellant describes the claimed subject matter as "especially suitable for, but not limited to, controlled, easy-access packag[ing] for child-resistant, senior-friendly storage of unit dose products or the like, carried by [the] insert." *Id.*, ll. 7–9. Claims 1 and 5, the independent claims on appeal, are reproduced below:

1. Insert adapted to be slidably received in a sleeve, the insert comprising

a base portion,

a first flap portion adapted to be refolded about a first fold line,

a second flap portion adapted to be refolded about a second fold line,

wherein the second fold line extends essentially in parallel with the first fold line,

wherein the first and second fold lines extend essentially along a single geometrical line,

wherein the base portion comprises two portions refolded against each other about a fold line extending essentially along the direction in which the insert is adapted to be slidable when received in the sleeve, and

wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the folded base portion.

5. Package comprising a sleeve and an insert slidably received in the sleeve,

the insert comprising

a base portion,

a first flap portion adapted to be refolded about a first fold line,

a second flap portion adapted to be refolded about a second fold line,

wherein the second fold line extends essentially in parallel with the first fold line,

wherein the first and second fold lines extend essentially along a single geometrical line,

wherein the base portion comprises two portions refolded against each other about a fold line extending essentially along the direction in which the insert is adapted to be slidable when received in the sleeve, and

wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the base portion,

the sleeve comprising

a plurality of panel portions forming a compartment with at least one opening, the insert being slidable at least partly out of the compartment of the sleeve through said opening,

wherein a first panel forming a first wall of the compartment of the sleeve is provided with a first retaining means adapted to interact with the first flap portion of the insert, and

wherein a second panel forming a second wall, opposite the first wall, of the compartment of the sleeve is provided with a second retaining means adapted to interact with the second flap portion of the insert.

## ANALYSIS

<u>Claims 1 and 2</u>

The Appellant argues the anticipation rejection of claims 1, 2, and 5 as a group. App. Br. 9. Accordingly, the disposition of the rejection of these

claims turns on our analysis of the rejection of independent claim 1. "To anticipate a claim, a prior art reference must disclose every limitation of the claimed invention, either explicitly or inherently." *In re Schreiber*, 128 F.3d 1473, 1477 (Fed. Cir. 1997). The Appellant asserts that Karow fails to disclose the limitation:

> wherein the first flap portion is refolded in relation to the folded base portion such that it extends backwardly over a first surface of the base portion, and the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface, of the folded base portion.

App. Br. 9 (emphasis in Appeal Brief).

In the Final Action, the Examiner finds that Figure 6 of Karow shows the insert *100* in an unfolded position with fold lines displayed below first flap portion *106* and second flap portion *108*. Figure 7 shows first flap portion *106* folded over second flap portion *108*. Figure 8 shows first flap portion *106* folded down over portion *102*. Final Act. 4. The Examiner further finds that second flap portion *108* is folded backwards over a second surface as claimed in claim 1, which is why the second flap portion *108* is not visible in Figure 8. *Id.*



FIG. 6



FIG. 7



FIG. 8

The above illustration depicts Figures 6-8 of Karow.

As the Appellant correctly points out on pages 9–12 of the Appeal Brief and pages 2–4 of the Reply Brief, Karow does not describe refolding the panel extension or second flap portion *108* over the exterior surface of the side panel *104*. The exterior surface of side panel *104* is hidden in Figures 7, 8, 10 and 11 of Karow. Furthermore, the Appellant correctly points out that Karow's description is consistent with one or more structures in which the panel extension or second flap portion *108* is not refolded over the exterior surface of the side panel *104*.

The Appellant further asserts that the Examiner is speculating that the second flap portion of Karow is folded backwards over the second panel *104* independently of the first flap portion *106* based on what is not shown in Figures 7 and 8 of Karow. App. Br. 11. The Appellant also asserts that, although the Examiner's speculation on the possible location of second flap portion *108* in Figure 8 of Karow is one possible interpretation, there are other possible interpretations, including that both flap portions *106* and *108* are doubled-up and folded together over the first panel *102*; or that the second flap portion *108* was removed. *Id.* Accordingly, as asserted by the Appellant, we agree that Karow fails to expressly or explicitly describe the quoted limitation.

The Examiner appears to be selecting from the limited number of possibilities as to the location of the second flap portion in stating that this feature is disclosed by Karow. Indeed, the Examiner appears to concede that Karow fails to clearly disclose this limitation in stating that "[e]ven if 108 was folded over 106 [i]t would have been obvious to one of ordinary skill in the art at the time the invention was made to have folded the portion backwards." Final Act. 4. Because inherency cannot be shown by possibilities, Karow also fails to inherently describe the quoted limitation.

> To establish inherency, the extrinsic evidence must make clear that the missing descriptive matter is necessarily present in the thing described in the reference, and that it would be so recognized by persons of ordinary skill. Inherency, however, may not be established by probabilities or possibilities. The mere fact that a certain thing may result from a given set of circumstances is not sufficient.

*In re Robertson*, 169 F.3d 743, 745 (Fed. Cir. 1999) (citations and internal quotations omitted). Accordingly, we agree with the Appellant that Karow fails to disclose "the second flap portion is refolded in relation to the base portion such that it extends backwardly over a second surface, opposite the first surface" as claimed in claim 1. Because Karow fails to explicitly or inherently describe a limitation recited in both independent claims 1 and 5, Karow does not anticipate any of claims 1, 2 and 5.

As to the obviousness rejection of claim 5, we note that the Appellant does not traverse the Examiner's conclusion that it would have been obvious "to have manufactured the sleeve of Karow with multiple retaining means, as taught by [Heissat], in order to better secure the insert within the sleeve." (Ans. 5, para. 6). Instead, the Appellant argues that the modification

proposed by the Examiner would have required "completely redesigning the package." (App. Br. 15; *see also* Reply Br. 4–5). As the Appellant points out, however, the "complete redesign" would have required only the addition of another side flap to the sleeve with which to provide a second release button similar to the release button *30* described by Karow. Although neither Karow nor Heissat explicitly teaches the desirability of adding another side panel for this purpose, it would have been an obvious expedient for one of ordinary skill in the art familiar with the teachings of Karow who sought, in accordance with the Examiner's unchallenged reasoning ,both to use Karow's extension panel *108* as an additional retaining means; and who sought to recreate the release button *30* and the cutaway area *14* to provide retention means for the extension panel *108.*

The Appellant also argues that neither Karow nor Heissat explicitly discloses a second flap "refolded in relation to the base portion such that it extends over a second surface." Although this assertion is correct, the limitation would have flowed naturally if one of ordinary skill in the art had modified the teachings of Karow to use the panel extension *108* as a second flap in order to provide Karow's packaging with multiple retaining means as taught by Heissat in accordance with the Examiner's unchallenged findings and reasoning.

## DECISION

We REVERSE the Examiner's rejections of claims 1, 2 and 5 as anticipated by Karow. We AFFIRM the Examiner's rejection of claim 5 as obvious over Karow and Heissat.

AFFIRMED-IN-PART

CERTIFICATE OF FILING AND SERVICE

I hereby certify that, on January 23, 2017, I electronically filed the foregoing Opening Brief of Appellant with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

I further certify that, upon acceptance and request from the Court, the required paper copies of the foregoing will be deposited with United Parcel Service for delivery to the Clerk, UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT, 717 Madison Place, N.W., Washington, D.C. 20439.

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Shelly N. Gannon
Shelly N. Gannon
GIBSON MOORE APPELLATE SERVICES
P.O. Box 1460
Richmond, VA 23218
(804) 249-7770
shelly@gibsonmoore.net

CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 4,347 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman.

Dated: January 23, 2017

/s/ Patrick J. Smith
Paul G. Juettner
Patrick J. Smith

*Counsel for Appellants*